914 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles S. STALLINGS, Betty S. Stallings, Plaintiffs-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.
 No. 90-3006.
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1990.
Decided Sept. 13, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Aiken. Charles E. Simons, Jr., Senior District Judge. (CA-89-2052-1-6; BK-88-1348)
 Terrance Patrick Leiden, Augusta, Ga., for appellants.
 David Michael Moore, Tax Division, United States Department of Justice, Washington, D.C. (Argued), for appellee; Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, Robert S. Pomerance, Tax Division, United States Department of Justice, Washington, D.C., E. Bart Daniel, United States Attorney, Columbia, S.C., on brief.
 D.S.C.
 AFFIRMED.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and N. CARLTON TILLEY, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This case concerns a proof of claim submitted for back income taxes by the Internal Revenue Service in the Chapter 13 bankruptcy of Charles Stallings and Betty Stallings, husband and wife. The Stallings failed to file timely income tax returns for the years 1981, 1982 and 1983. After being contacted by the IRS about the failure to file, the taxpayer Stallings filed a tax return for the years in question, indicating on the return his filing's status as "married filing separate return." Mr. Stallings later discovered that he could have saved money by filing jointly, and he and his wife filed an amended joint tax return for the years 1981, 1982, and 1983. The amended returns recited that the earlier return was listed "married filing separate return," whereas the status on the amended return was listed "married filing joint return." The IRS refused to accept the amended returns because the amended returns were filed more than three years after the date required for the original returns. See 26 U.S.C. Sec. 6013. In this bankruptcy case, the Stallings are objecting to the proof of claim submitted by the I.R.S. for the amount of tax that was due pursuant to the tax returns for 1981-83 as originally submitted, arguing that they had a right to substitute new, amended returns. The bankruptcy judge rejected the Stallings' argument for the reasons assigned by the Internal Revenue Service, and this was affirmed by the district court on appeal. The Stallings have appealed to this court, and we also affirm based upon the reasoning of the bankruptcy judge as set forth in his memorandum opinion containing findings of fact and conclusions of law. In re: Charles Stallings and Betty S. Stallings, BK-88-1348 (Bankr.D.S.C. June 21, 1989).
 
 
 2
 Accordingly, the decision below in favor of the I.R.S. is
 
 
 3
 AFFIRMED.